(89 South. 83)

## COWAN v. PRUITT.　(1 Div. 201.)

(Supreme Court of Alabama.　May 12, 1921.)

1. Contracts ⬤⟿332(2)—Counts for breach of contract to deliver piano to the winner of newspaper popularity contest held sufficient.

In an action by the winner of a newspaper popularity contest against one who had agreed to furnish to the newspaper the piano which was to be given as a prize, counts which in substance alleged that the newspaper was obligated to plaintiff for valuable consideration to procure the piano for her, that it had for a valuable consideration arranged that defendant would furnish the piano, that it gave plaintiff an order on defendant for the piano, which was presented to and accepted by the defendant, and that after accepting the order and agreeing to deliver the piano to plaintiff, the defendant failed and refused to do so, are not subject to demurrer, on the ground that they

disclosed such want of consideration as would render defendant's acceptance of the order a nudum pactum.

**2. Contracts ☞336—Count for refusal to deliver piano on order should show reason for not asking delivery on acceptance of order.**

A count by the winner of a newspaper popularity contest for damages for defendant's failure to deliver the piano to plaintiff on the newspaper's order, which had been accepted by defendant, should have alleged the reason for not demanding or accepting the delivery of the piano at the time defendant accepted the order.

Certiorari to Court of Appeals.

Action by Ruth Cowan against H. L. Pruitt. A judgment of the circuit court for defendant after sustaining demurrers to the complaint was affirmed by the Court of Appeals, and plaintiff petitions for certiorari. Writ awarded, and the judgment of the Court of Appeals reversed and remanded.

The counts referred to in the opinion are as follows:

(4) The plaintiff claims of the defendant the further sum of $400, for that, upon, to wit, January 23, 1917, the defendant agreed with the Mobile Tribune Company, Incorporated, to sell, on credit, to the said Mobile Tribune Company, Incorporated, one Hallett & Davis piano valued at $400, to be delivered to the order of the Mobile Tribune Company, Incorporated; that in consideration of the work and labor performed by the plaintiff at the request of the Mobile Tribune Company, Incorporated, the Mobile Tribune Company, Incorporated, delivered to the plaintiff an order on the defendant for one Hallett & Davis piano, valued at $400; that the plaintiff, by her agent, E. J. Cowan, presented the said order to the defendant, and requested the defendant to deliver said piano in accordance with the said order; and that the defendant has wholly failed and refused to deliver said piano—all to the plaintiff's damage as aforesaid.

(5) The plaintiff claims of the defendant the further sum of $400, for that, upon, to wit, January 21, 1917, the defendant agreed with the Mobile Tribune Company, Incorporated, to sell to the said Mobile Tribune Company, Incorporated, one Hallett & Davis piano valued at $400, to be delivered to the order of the Mobile Tribune Company, Incorporated; that in consideration of work and labor performed by the plaintiff at the request of the Mobile Tribune Company, Incorporated, the Mobile Tribune Company, Incorporated, delivered to the plaintiff an order on defendant for one Hallett & Davis piano valued at $400; that the plaintiff by her agent presented said order to the defendant; that when said order was presented as aforesaid the defendant then and there stated that the said order was good, and agreed with the plaintiff that upon her request he would deliver to her a piano in accordance with said order; that neither the plaintiff nor her agent had any knowledge of the arrangements between the Mobile Tribune Company, Incorporated, and this defendant, and the plaintiff relied upon the statement of the defendant as aforesaid; that thereafter the plaintiff requested the defendant to deliver to her a piano in accordance with said order, but that the defendant has wholly failed or refused to do so, and then and there stated that the Mobile Tribune Company, Incorporated, had not paid for said piano; that this was the first knowledge or notice on the part of the plaintiff that said piano had not been paid for; and that the Mobile Tribune Company, Incorporated, was then and there insolvent—all to the plaintiff's damage as aforesaid.

(6) The plaintiff claims of the defendant the further sum of $400, for the defendant, upon, to wit, January 23, 1917, agreed with the Mobile Tribune Company, Incorporated, to sell to the Mobile Tribune Company, Incorporated, one Hallett & Davis piano valued at $400, to be delivered by the defendant to the winner of the Mobile Tribune Company $5,000 contest of 1917; that the plaintiff was the winner of said contest, and received from the Mobile Tribune Company, Incorporated, an order on the defendant, authorizing him to deliver to the plaintiff one Hallett & Davis. piano valued at $400 in accordance with the said agreement with the Mobile Tribune Company, Incorporated; that said order was presented to the defendant by E. J. Cowan, the agent of plaintiff; that when the said order was presented as aforesaid the defendant then and there stated that the order was good, and agreed to deliver the piano to the plaintiff in accordance with said order; that the plaintiff had no knowledge or notice of the agreement between the defendant and the Mobile Tribune Company, Incorporated, and relied upon the statement of the defendant as aforesaid; that thereafter, upon the expiration of a long period of time, to wit, 30 days, the plaintiff requested the defendant to deliver to her a piano in accordance with said order; that the defendant has wholly failed or refused to deliver the piano as aforesaid; that the Mobile Tribune Company, Incorporated, was at the time of said refusal insolvent—all to the plaintiff's damage as aforesaid.

(7) The plaintiff claims of the defendant the further sum of $400, for that, upon, to wit, January 23, 1917, the defendant agreed with the Mobile Tribune Company, Incorporated, to deliver two Hallett & Davis pianos, each valued at $400, one to each of two winners of the Mobile Tribune $5,000 popularity contest of 1917, in consideration of $400 worth of advertising to be furnished by the Mobile Tribune Company, Incorporated, to said defendant and $400 in money to be paid by said Mobile Tribune Company, Incorporated, to the defendant; that the defendant substantially received the said $400 worth of advertising long prior to the filing of this suit; that the plaintiff, at the request of the Mobile Tribune Company, Incorporated, performed work and labor for the Mobile Tribune Company, Incorporated, in said $5,000 popularity contest, and in consideration of which was declared to be one of the said prize winners in the said contest, and was given an order by the Mobile Tribune Company, Incorporated, on the defendant for one Hallett & Davis piano valued at $400; that the plaintiff by her agent, E. J. Cowan, presented said order to the defendant; that when said order was presented, as aforesaid, the defendant then

and there stated that the order was good, and offered to deliver said piano in accordance with said order; that neither the plaintiff nor her agent had any knowledge of the arrangements between the Mobile Tribune Company, Incorporated, and the defendant, that the plaintiff, relied upon said statement of the defendant, and, having no use for said piano, arranged with the defendant that she should not require a delivery of said piano until she had a sale therefor; and that the defendant agreed that when requested by the plaintiff so to do he would deliver to the plaintiff or her order a piano in accordance with said order given to the plaintiff by the Mobile Tribune Company, Incorporated; that the Mobile Company, Incorporated, was then and there a going concern; and that, upon, to wit, two months thereafter, and prior to the filing of this suit, the plaintiff requested the defendant to deliver a piano in accordance with said order; that the defendant then and there refused to deliver said piano, on the grounds that the Mobile Tribune Company, Incorporated, had not paid therefor; that this was the first knowledge or notice on the part of the plaintiff that said piano had not been paid for; that the Mobile Tribune Company, Incorporated, was then and there insolvent, and had ceased to be a going concern; all to the damage of the plaintiff as aforesaid.

(8) The plaintiff claims of the defendant the further sum of $400, for that the defendant upon, to wit, January 23, 1917, agreed with the Mobile Tribune Company, Incorporated, to deliver two Hallett & Davis pianos, valued at $400 apiece, one to each of two winners of the Mobile Tribune $5,000 popularity contest of 1917, for which the Mobile Tribune Company, Incorporated, agreed to give to the defendant $600 of advertising matter and $200 in money; that the defendant substantially received the $600 worth of advertising from the Mobile Tribune Company, Incorporated; that the plaintiff performed work and labor for said Mobile Tribune Company, Incorporated, at its request, in said $5,000 popularity contest, and was thereby declared one of the winners of said contest, and received from the Mobile Tribune Company, Incorporated, an order on the defendant, authorizing him to deliver to the plaintiff one Hallett & Davis piano valued at $400, in accordance with said agreement with the Mobile Tribune Company, Incorporated; that said order was presented to the defendant by E. J. Cowan, agent of the plaintiff; that when said order was presented, as aforesaid, the defendant then and there stated that said order was good, and that thereafter and prior to the filing of this suit the plaintiff requested the defendant to deliver to her a piano in accordance with said order; that the defendant has wholly failed to deliver said piano; all to the plaintiff's damage as aforesaid.

Demurrers were interposed to the fifth and sixth counts as follows:

It does not show that the Mobile Tribune Company, Incorporated, had paid the defendant for the piano; does not show any valid contract existing between the Mobile Tribune Company, Incorporated, and the defendant, whereby the defendant was obligated to deliver the piano on the order of the Mobile Tribune Company.

In the seventh and eighth counts the same grounds of demurrer are assigned as to the fifth and sixth counts, with the additional grounds that said counts do not show any cause of action, as they show no damages for breach of contract, nor do they show any claim for the piano itself, nor do they show any cause of action growing out of conversion or other causes.

Jesse F. Hogan, of Mobile, for appellant.

The beneficiary may maintain a suit in his own name against the promisor for the breach of a valid contract between two parties for his benefit. 14 Ala. 263; 54 Ala. 246; 65 Ala. 190. This is true, even if the beneficiary is undetermined when the contract is made. 1 Williston on Contracts, 378. The appellee by his conduct is estopped to deny that the Tribune Company had failed to perform its contract at the time appellant presented the order to appellee. Bigelow on Estoppel, 603; 43 Ala. 561; 21 Ala. 534; 151 Ala. 249, 44 South. 203; 17 Ala. App. 235, 84 South. 430; 16 Ala. App. 677, 81 South. 197; 201 Ala. 300, 78 South. 77. By telling appellant that the order was good, appellee waived any right to insist, upon payment before delivery. 82 Ala. 233, 2 South. 302; 50 Barb. (N. Y.) 258.

R. Percy Roach, of Mobile, for appellee.

Each count shows that the promise to deliver the piano was without consideration. 18 Ala. 117; 124 Ala. 536, 26 South. 981; 2 May, 677. No offer was made by plaintiff to pay defendant any sum that the Tribune Company might owe on piano. 61 Ala. 155; 88 Ala. 367, 6 South. 834; 86 Ala. 348, 5 South. 679, 11 Am. St. Rep. 41. There was no element of estoppel in the case. 95 Ala. 279, 10 South. 757; 87 Ala. 385, 6 South. 298; 13 C. J. 315. The order was not negotiable, and, if it was, the acceptance must have been in writing to be binding. Acts 1909, p. 147, § 132.

ANDERSON, C. J. [1] While counts 5, 6, 7, and 8 are by no means models, we think that the gravamen of the action thereby disclosed is for damages for the breach of an agreement to deliver to the plaintiff a piano of the value of $400. The counts in varying ways, in substance, charge that the Mobile Tribune Company was obligated to the plaintiff for a valuable consideration, to procure for her the piano in question, that said Mobile Tribune Company had, for a valuable consideration, purchased or made an arrangement with the defendant to furnish and deliver the piano pursuant to its order, and that the Mobile Tribune Company, in conformity with the arrangement so made with the plaintiff and the defendant, gave the plaintiff an order for said piano, which was presented to the defendant and accepted, and after so accepting said order and

agreeing to deliver the piano to the plaintiff the defendant failed and refused to do so. We do not think that these counts disclose such a want of consideration as would render the defendant's alleged acceptance of the order a nudum pactum, or that they are subject to any of the defendant's other grounds of demurrer.

[2] Count 6 is perhaps faulty for failing to aver a demand for the piano according to the terms of the defendant's acceptance or agreement to deliver same. That is, it charges that the defendant said the order was good, and agreed to deliver the piano, but sets up no reason for not then and there demanding or accepting the piano, nor does it aver an excuse for demanding the same 30 days thereafter.

We discover, however,. no infirmities in counts 5, 7, and 8, which render them subject to the defendant's grounds of demurrer, or subject to the criticism pointed out in the opinion of the Court of Appeals.

The writ of certiorari is awarded, and the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration in conformity with this opinion.

Writ awarded and reversed and remanded. All the Justices concur.